Filing # 126972379 E-Filed 05/17/2021 05:22:30 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **Ellis Everett** <br><br> *Plaintiff,* <br><br> v. <br><br> **Phoenix Financial Services, LLC.**, *and* **Premium Asset Recovery Corporation,** <br><br> *Defendants.* | Case No.: _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Ellis Everett**, ("**Mr. Everett**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Phoenix Financial Services, LLC.** ("**Phoenix**"), and **Premium Asset Recovery Corporation** ("**PARC**"), (collectively the "**Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Everett against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and FCCPA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.  Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and/or caused by the Defendants within Hillsborough County.

## PARTIES

5.  **Mr. Everett** is a natural person residing in Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Section 559.55(8), Florida Statutes.

6.  **Phoenix** is an Indiana limited liability company with a primary business address of 8902 Otis Avenue, Suite 103A, Indianapolis, Indiana 46216.

7.  Phoenix is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.**

8.  Phoenix is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA"), holding license number **CCA9903427. SEE PLAINTIFF'S EXHIBIT A.**

9.  **PARC** is a Delaware corporation with a primary business address of 550 Fairway Drive, Suite 101, Deerfield Beach, FL 33441.

10. PARC is registered to conduct business as a foreign corporation in the State of Florida, where its registered agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

11. PARC was registered with the Florida Office of Financial Regulation as a CCA and held license number **CCA9904382. SEE PLAINTIFF'S EXHIBIT B.**

12. As a licensed CCA, PARC knows or should know the requirements of the FDCPA and FCRA.

13. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in they use postal mail, and/or another instrumentality of interstate commerce, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Phoenix's website states "A Revenue Cycle Management company powered by Data Driven Analytics and backed by the highest standards in Data Security and Regulatory Compliance."

## FACTUAL ALLEGATIONS
### The Debt

15. In or around November 14, 2016, Mr. Everett sought medical treatment from Emergency Medical Associates of Tampa Bay ("**EMA**").

16. EMA later claimed Mr. Everett owed $662 (the "**Debt**").

17. EMA then sold, transferred, or otherwise assigned the Debt to PARC in or around May 2020, for collection.

18. Sometime around June 2020, PARC assigned the Debt for collection, to Phoenix.

19. The Debt arose from goods that were primarily for family, personal, or household purposes, *specifically* medical treatment, and meets the definition of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5).

20. Upon receiving placement of the Debt, Phoenix sent several collection letters to Mr. Everett, including the one dated June 12, 2020. **SEE PLAINTIFF'S EXHIBIT C.**

### Defendant Makes Unauthorized Disclosures Of Protected Information to 3rd Parties

21. Rather than prepare and mail the June 12, 2020 collection letter on its own, Phoenix sent information to a commercial mail house, CompuMail in or around Concord, California ("**mail house**").

22. Phoenix, as agent for PARC, disclosed to the mail house:

- Mr. Everett's status as a debtor,
- the fact he supposedly owed $662 to EMA,
- the fact the Debt concerned medical treatment, and
- other highly personal pieces of information.

23. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Mr. Everett's residence in Florida.

24. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Mr. Everett's purported debt to a mail house.

25. Phoenix's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with instructions to produce a collection letter and mail it to Mr. Everett, the consumer, with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

26. This mail house is a distinct entity not owned by Phoenix.

27. This mail house is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

28. This mail house is not an attorney as referenced in 15 U.S.C. § 1692c(b).

29. Mr. Everett never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with any mail house.

30. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment

judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

31.   The mail house used by Phoenix as part of its debt collection effort against Mr. Everett does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

32.   Due to Phoenix's communication to this mail house, information about Mr. Everett, including his name, original creditor's name, current creditor's name, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

33.   If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

34.   Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. See *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

35.   Phoenix devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

36.   This mail house strategy allowed Phoenix to generate more profit and gain an advantage over its debt collection competitors.

37.   In reckless pursuit of these business advantages, Phoenix disregarded the known, negative effects that disclosing sensitive personal information to an unauthorized third party would have on a consumer.

38.   The Defendants' unauthorized and prohibited communications caused Mr. Everett, a consumer who highly values his privacy, significant emotional distress since his confidential,

legally protected medical and personal information had been unlawfully disseminated to third parties.

### Defendants Report False Information to Nationwide CRAs

39. As part of its collection efforts, Phoenix reported the account to several nationwide consumer credit reporting agencies ("**CRAs**'), including Experian and Trans Union.

40. Phoenix reported to Experian that the "date of status" of the account was May 2020 – the date it purchased the already-charged-off receivable from EMA. **SEE PLANITIFF'S EXHIBIT D.**

41. The "date of status" of a collection account indicates the date an account was first designated to be "in collection." *Cf. Baker v. Capital One Bank*, No. CV 04–1192 PHX–NVW, 2006 WL 2523440, at *4–*5 (D.Ariz. Aug. 29, 2006) ("It would be reasonable for a creditor to interpret the "Date of status" entry to refer to the account's status as a "Collection account," as printed under the entry titled "Status."")

42. Phoenix's report indicating a "date of status" of May 2020 thus falsely implies that the account first became a collection or charge-off in May 2020, even though the true date was November 2016.

43. The "date of status" is a key point of data evaluated by many versions of FICO® credit scores, including FICO Model II, used by Experian for mortgage evaluations.

44. The more recent the "date of status," the more adverse the information is factored against the consumer. *See Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707 (S.D. Tex. 2013) "(Plaintiff) has produced evidence to suggest that the FICO credit scoring model affords greater weight to recent delinquencies, and that the 'Aug.2011' 'Date of status' entry on her Experian credit report could make it appear as though the account became a collection account more recently than it actually did.")

45. Further, "(a) reasonable jury could find that the 'Date of status' entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id, quoting Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890 (5th Cir. 1998)

### Defendants Report False Date of Account Opening

46. Mr. Everett's Experian credit report contains a number of different tradelines. In many of these tradelines, the "Date Opened" indicates the actual date the account was opened with the creditor. For example, Mr. Everett's charge account with Capital Bank, N.A., indicates a "Date Opened" of January 2020, which is the date he opened the charge account. **SEE PLAINTIFF'S EXHIBIT E.**

47. Phoenix reported to Experian that the EMA Account had a "Date Opened" of May 2020. *Id.*

48. Phoenix's reported information is false. Mr. Everett received medical treatment from EMA on November 14, 2016. **SEE PLAINTIFF'S EXHIBIT C.**

49. A reasonable and prudent reader of Mr. Everett's credit report would infer that an account indicating a balance owed to EMA reflecting a "Date Opened" of May 2020 means – as the plain language implies – the account was opened with EMA in May 2020. *Toliver at 721* ("Here, there is no language to indicate that 'Date opened' means anything other than the date that the consumer opened the account, as it does for the majority of accounts on (Plaintiff's) credit report…. (A) reasonable jury could find that the "Date opened" entry was misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (Internal quotations omitted).

50. Phoenix indicated in its reports to Experian the EMA account had been "first reported" in June 2020. Id.

51.    As the plain language of the reporting indicates, Phoenix was certifying that the first time the account had been reported to a CRA was in June 2020. The date first reported "implicitly suggests that it should remain constant (an account can only be reported for the first time once)..." *Toliver at 724.*

52.    Phoenix's false "date of first reporting" thus furthered the illusion to creditors obtaining Mr. Everett's credit report that the Debt was much more recent than it actually was.

53.    Indeed, multiple creditors, and potential creditors, have obtained Mr. Everett's Experian and Trans Union credit reports, which contained the Phoenix tradeline falsely claiming it was "first reported" in June 2020 and "opened" in May 2020.

54.    At all times relevant Phoenix was acting on behalf of PARC and within the scope of its authority.

55.    PARC, as principal, is liable for the actions of its agent, Phoenix.

56.    Defendant's aforementioned conduct has caused Mr. Everett to suffer emotional distress and has further damaged him in that he has spent time in procuring the undersigned legal counsel to assist with charting a course of response to Defendants.

57.    Mr. Everett has hired the aforementioned law firm to represent him in this matter and has assigned it his right to fees and costs.

## COUNT I
## VIOLATIONS OF THE FDCPA

58.    Mr. Everett adopts and incorporates paragraphs 1 – 57 as if fully stated herein.

59.    Phoenix, acting as PARC's agent, violated **15 U.S.C. § 1692c(b)** when it disclosed information about Mr. Everett's purported EMA debt to an unauthorized third-party mail house and the employees of that mail house in connection with the collection of the Debt.

60.    The Defendants violated **15 U.S.C. § 1692e and 1692e(10)** when they used misleading and deceptive means to attempt to collect a debt by reporting the Debt to Experian,

claiming the "status date" of the Debt (e.g., the date which the account became a collection or charge-off) was May 2020, when it was November 2016 or earlier, that the "date opened" was May 2020 when it was in 2016.

61.     The Defendants violated **15 U.S.C. § 1692e(2)(a)** by reporting the Debt to Experian, claiming the "status date" of the Debt (e.g., the date which the account became a collection or charge-off) was May 2020, when it was November 2016 or earlier, that the "date opened" was May 2020 when it was in 2016.

62.     The Defendants violated **15 U.S.C. § 1692e(8)** when Phoenix, as agent for PARC, communicated credit information known to be false, specifically, the "status date" of the Debt (e.g., the date which the account became a collection or charge-off) was May 2020, when it was November 2016 or earlier, that the "date opened" was June 2020 when it was in 2016.

63.     The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Everett respectfully requests that this Honorable Court enter judgment against PARC and Phoenix, jointly and severally, for:

   a.     Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b.     Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

   d.     Such other relief that this Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA**

64.     Mr. Everett adopts and incorporates paragraphs 1 – 57 as if fully stated herein.

65.     Phoenix, as agent for PARC, violated **Section 559.72(5), Florida Statutes**, when it disclosed to the California mail house, a third party, information that would affect Mr. Everett's reputation, specifically details about his personal financial/medical issues, and purported unpaid

bills. Phoenix was aware that there was no legitimate business *need* to convey this information, since Phoenix could easily have prepared and mailed the letter itself without any need to disclose the information to a third party.

66. Instead, Phoenix *intentionally decided* to disclose this information to the California mail house as part of its debt collection effort against Mr. Everett because it allowed Phoenix to gain a competitive advantage over the competition through increased profit margins.

67. The Defendants' conduct renders them liable for the above-stated violations of the FCCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Phoenix and PARC, jointly and severally, for:

   a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

   b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party when attempting to collect a consumer debt.

   d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

   e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Everett demands a jury trial on all issues so triable.

Respectfully submitted this May 17, 2021 by:

SERAPH LEGAL, P. A.

*/s/ Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
1614 N 19th Street
Tampa, Florida 33605
Tel: 813-321-2347
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBITS LIST**
A     Phoenix's CCA License
B     PARC's CCA License
C     Phoenix Collection Letter, dated June 12, 2020
D     Plaintiff's Experian Consumer Disclosure Dated October 23, 2020 - Excerpt
E     Plaintiff's Experian Consumer Disclosure Dated October 23, 2020 - Excerpt

# PLAINTIFF'S EXHIBIT A
## Phoenix's CCA License

5/17/2021 — License Details

# REAL SYSTEM
## Regulatory Enforcement and Licensing

### Florida Office of Financial Regulation

**License Details**

[illegible instruction lines]

**License Number: CCA9803427**  Current Date: 05/17/2021 10:07 AM

| | |
|---|---|
| Name | PHOENIX FINANCIAL SERVICES LLC |
| License Type | Consumer Collection Agency |
| License Status | Current Active Registration |
| License Status Effective Date | [illegible] |
| Expiration Date | [illegible] |
| [illegible] | [illegible] |

**Addresses**

**Business Main Address**  Address:
8902 OTIS AVENUE, SUITE 103A
INDIANAPOLIS, IN
MARION
46216
US
View on a map

Phone Number:
(877) 321-5095

**Mailing Address**  Address:
3850 N CAUSEWAY BLVD
SUITE 200
METAIRIE, LA
JEFFERSON
70002
US
View on a map

© 2018 Microsoft Version [illegible]

# PLAINTIFF'S EXHIBIT B
# PARC's CCA License

5/17/2021                                                              License Details



## Florida Office of Financial Regulation

**License Details**

Press "Previous Record" to display the previous license
Press "Next Record" to display the next license
Press "Search Results" to return to the Search Results list
Press "New Search Criteria" to do another search of this type
Press "New Search" to start a new search

| License Number: CCA9904382 | | Current Date: 05/17/2021 10:57 AM |
|---|---|---|
| Name | PREMIUM ASSET RECOVERY CORPORATION | |
| License Type | Consumer Collection Agency | |
| License Status | Current Active Registration | |
| License Status Effective Date | 11/09/2020 | |
| Expiration Date | 12/31/2021 | |
| Original Date of Licensure | 02/26/2020 | |

**Addresses**

| Business Main Address | Address | 550 FAIRWAY DRIVE, SUITE 101<br>DEERFIELD BEACH, FL<br>BROWARD<br>33441<br>US<br>View on a map |
|---|---|---|
| | Phone Number | (833) 791-5955 |
| Mailing Address | Address | 550 FAIRWAY DRIVE, SUITE 101<br>DEERFIELD BEACH, FL<br>BROWARD<br>33441<br>US<br>View on a map |

© 2018, MicroPact version 2.11.6.92 Build 235

## PLAINTIFF'S EXHIBIT C

## Phoenix's Collection Letter Dated June 12, 2020



**PHOENIX FINANCIAL**
S E R V I C E S

Physical Address: Phoenix Financial Services LLC
8902 Otis Ave, Ste 103A
Indianapolis, IN 46216-1077
Mon-Thu 9am-9pm EST, Fri 9am-5pm EST
855-342-6567

June 12, 2020





| Account # | Creditor Account# | Original Creditor | Balance | Date of Medical Service(s) |
|---|---|---|---|---|
| | | EMERGENCY MEDICAL ASSOCIATES OF TAMPA BAY | $662.00 | 11/14/17 |

Dear ELLIS EVERETT,

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The account(s) listed above were purchased by PREMIUM ASSET RECOVERY CORPORATION. The current creditor has placed the account(s) with Phoenix Financial Services, LLC for collections.

Please remit the full balance(s).

The above is subject to your rights to validate the above-referenced debt(s) on the back of this page.

Phone: 855-342-6567
Our office hours are Mon-Thur 9am-9pm EST and Fri 9am-5pm EST
Calls to or from this company may be monitored or recorded.
Mailing Address: PO Box 361450, Indianapolis, IN 46236-1450
info@phoenixfinancialsvc.com

YOUR RIGHTS AS A CONSUMER ARE PROTECTED BY FEDERAL AND STATE LAWS. PLEASE SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION REGARDING THOSE RIGHTS.



ADDRESS SERVICE REQUESTED

ELLIS EVERETT

PHOENIX FINANCIAL SERVICES, LLC
PO BOX 361450
INDIANAPOLIS, IN 46236-1450

Phoenix Financial Services LLC • 8902 Otis Ave, Ste 103A • Indianapolis, IN 46216-1077 • 855-342-6567

## PLAINTIFF'S EXHIBIT D

## Plaintiff's Experian Consumer Disclosure Dated October 23, 2020 - Exerpt

10/23/2020          Experian - Access your credit report

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| PHOENIX FINANCIAL SERVIC | [redacted] | $662 as of 10/05/2020 | 05/2020 | Collection account. $662 past due as of Oct 2020. |
| 8902 OTIS AVE STE 103A INDIANAPOLIS, IN 46216 855 342 6567 | **Type** Collection | **Credit limit or original amount** $662 | **Date of status** 05/2020 | |
| **Address identification number** 0075602070 | **Terms** 1 Months | **High balance** $0 | **First reported** 06/2020 | |
| **Original creditor** EMERGENCY MEDICAL ASSOCIATES O | **On record until** Aug 2023 | **Monthly payment** $0 **Recent payment amount** $0 | **Responsibility** Individual | |

**Account history**

2020
Oct Sep Aug Jul Jun

# PLAINTIFF'S EXHIBIT E

## Plaintiff's Experian Consumer Disclosure Dated October 23, 2020 - Exerpt

10/23/2020                                              Experian - Access your credit report

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| CAPITAL BANK,N.A. | | $86 as of 10/18/2020 | 01/2020 | Open;Never late. |

101 CROSSWAYS PARK DR W
WOODBURY, NY 11797
800 859 6412
Address identification number
0899170143

Type: Credit card
Terms: NA

Credit limit or original amount: $300
High balance: $299
Monthly payment: $25
Recent payment amount: $100

Date of status: 10/2020
First reported: 02/2020
Responsibility: Individual

**Account history**

2020
Oct  Sep  Aug  Jul  Jun  May  Apr  Mar  Feb